IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RHEASHAD LAMAR LOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv684 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rheashad Lamar Lott, an inmate confined in the Texas Department of Criminal

Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate

Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States

Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed

objections to the Report and Recommendation. This requires a *de novo* review of the objections in

relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled.

Petitioner contends he was ordered to remain in Line Class 3 time-earning classification which

affects his ability to earn good conduct time credits. However, petitioner's claim based on his

assignment to a particular time-earning classification does not state a claim upon which habeas relief

may be granted. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (holding that timing of

inmate's release is too speculative to afford him a constitutionally, cognizable claim to the right of a particular time-earning status); *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995) ("such speculative, collateral consequences do not create constitutionally protected liberty interests."). Therefore, as the magistrate judge determined, due process concerns were not implicated in this case and prison officials were not required to afford petitioner due process at the disciplinary hearing. Additionally, failure to follow institutional rules and regulations, standing alone, does not constitute a violation of petitioner's due process rights. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994). Further, the disciplinary charge was supported by sufficient evidence, and petitioner has failed to show prejudice related to his claims. Thus, this petition should be denied.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered

in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>O R D E R</u>

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **12** day of **November, 2016.**

Ron Clark, United States District Judge